IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EPHRIAM RODRIQUEZ,**<br>Plaintiff,<br><br>v.<br><br>**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA),**<br>Defendant. | **CIVIL ACTION**<br><br>**NO. 20-3262** |

<u>**MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

**Baylson, J.**                                                                                                                  **February 21, 2023**

**I.    SUMMARY OF FACTS**

Briefly, the undisputed facts are as follows. Plaintiff Rodriquez suffers from severe migraines with auras. SEPTA SUMF (ECF 23-1) ¶ 42; Pl's SUMF (ECF 29-2) ¶ 4. He began working for Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") in 2015. SEPTA SUMF ¶ 1. After prior attendance issues, Rodriquez accumulated two negative attendance points on June 8, 2018, pushing him over the permitted limit. <u>Id.</u> at ¶ 35.

On June 26, 2018, SEPTA held an "informal hearing" in which the "proposed resolution" was "discharge." <u>Id.</u> at ¶ 38; Def. Appx. at 0122. Rodriquez claims that the hearing officer dissuaded Rodriquez from filing for Family and Medical Leave Act ("FMLA") leave. Pl's SUMF ¶ 36. Rodriquez visited a physician regarding his migraines on July 3, 2018. SEPTA SUMF ¶ 43. Two days later, Rodriquez's doctor filled out the paperwork supporting his FMLA claim for migraines. <u>Id.</u> at ¶ 42. Rodriquez submitted that FMLA paperwork to SEPTA's third-party FMLA administrator on July 11, 2018. <u>Id.</u> at ¶ 44. On July 12, 2018, SEPTA held a formal hearing in which Rodriquez mentioned he thought he was qualified for FMLA leave. Pl's SUMF ¶ 58. The

1

hearing resulted in Rodriquez's termination being approved, but final paperwork was not completed until later. SEPTA SUMF ¶¶ 48, 51. On July 13, 2018, the third-party FMLA administrator approved Rodriquez for FMLA leave for the dates of June 28, 2018 until December 27, 2018. Id. at ¶ 44. On July 16, 2018, the officer who oversaw the formal hearing completed the paperwork approving Rodriquez's discharge. Id. at ¶ 51. Rodriquez stopped working for SEPTA on July 17, 2018. Id.

## II.    SUMMARY OF ARGUMENTS

Rodriquez alleges that SEPTA interfered with his rights under the FMLA (the "Interference Claim") and retaliated against him for exercising those same rights (the "Retaliation Claim").

SEPTA moves for summary judgment on both claims. MSJ (ECF 23). Asserting that Rodriquez was terminated on June 8, 2018, as soon as he had accumulated a set number of attendance points, SEPTA argues that Rodriquez's Interference Claim fails because Rodriquez cannot show that he had a "serious health condition" (id. at 6-12), and because Rodriquez did not exercise or give notice that he intended to exercise his FMLA rights until after he had been terminated (id. at 12-17). SEPTA also argues that Rodriquez's Retaliation Claim fails because:

1. Rodriquez did not evoke his FMLA rights until after he had been fired (id. at 17-18);

2. Rodriquez cannot show causation between the alleged June 8 discharge and the July 13 FMLA approval (id. at 17-18);

3. SEPTA had a legitimate, non-retaliatory reason for his discharge, namely that SEPTA was justified in terminating him on the basis of his attendance points (id. at 20-21); and

4. Rodriquez cannot show that SEPTA's legitimate reason for discharge was pretextual (id.).

Rodriquez responds that summary judgment would be inappropriate because there are a number of genuine disputes of material facts. Response (ECF 29). He argues that his termination

was not effective until July 17 and that, regardless, there is a dispute of material fact on that issue. Id. at 10. He also argues that whether he had a serious health condition is a question of fact, not law, and is a material fact under dispute. Id. at 13-15. Rodriquez argues that SEPTA had adequate notice that his migraines were potentially FMLA-qualifying well before he was discharged but failed to notify him about his FMLA rights. Id. at 17-25. Finally, he argues that SEPTA attempted to prevent him from exercising his FMLA rights and then retaliated against him for seeking FMLA approval in July. Id. at 31-36. SEPTA replies, contesting a number of facts that Rodriquez asserts in his Response. Reply (ECF 34).

### III.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

### IV.   ANALYSIS

SEPTA has failed to show that there is no genuine dispute of material fact on several key aspects of the case. The most relevant, and disputed, question of material fact is the date of Rodriquez's termination. The paragraph of SEPTA's Statement of Undisputed Material Facts that it points to for support that Rodriquez was terminated on June 8, 2018 does not clearly show that this was the case:

> During an informal Hearing on June 26, 2018, Plaintiff was charged with substandard attendance as a result of leaving work on June 8, 2018, with a proposed resolution by Assistant Director Richard Diamond ("Diamond") that Plaintiff be

> discharged pursuant to SEPTA's attendance policy. Rodriquez and his Union did not raise FMLA leave as a defense during the Informal Hearing.

SEPTA SUMF ¶ 38. The next paragraph classifies this as a "recommend[ation]." Id. at ¶ 39. However, SEPTA later states that the June 12, 2018 formal hearing resulted in Rodriquez's discharge being " upheld." Id. at ¶ 46. SEPTA does not identify when the discharge shifted from a "recommended" action to an action that should be "upheld." Rodriquez argues that his discharge was not effective until July 17, 2018. Because SEPTA relies on this disputed issue for a number of its arguments, this Court will deny the motion for Summary Judgment on those matters.

There is an additional factual question of whether Rodriquez's migraines constitute a "serious health condition." SEPTA argues that Rodriquez cannot show that he had a "serious health condition," but does not provide any binding Third Circuit case law to support its argument that the June 8, 2018 absence could not qualify for FMLA leave. MSJ at 6-12. This is a question that should be resolved by a jury, not on summary judgment.

Rodriquez has also presented a number of facts that, if proven at trial, would support his Interference and Retaliation Claims. Rodriquez alleges that his prior migraine-related absences were known to SEPTA. Pl's CUMF ¶¶ 19, 22-23. Rodriquez also alleges that SEPTA officials attempted to dissuade him from exercising his FMLA rights. Id. at ¶ 35-36.

SEPTA's Reply makes clear that these issues are all disputed. As such, SEPTA has failed to carry its burden to show that there are no genuine disputes of material fact. The motion for summary judgment will therefore be denied.

V. **CONCLUSION**

For the foregoing reasons, SEPTA's motion for summary judgment shall be **DENIED**. While SEPTA raises a number of legal disputes hinging on facts that Rodriquez may or may not

be able to prove at trial, these are better resolved in a motion for directed verdict, if appropriate, after Rodriquez's case in chief.  An appropriate Order follows.